# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PEDRO BRAMBILA; DOMINGA BRAMBILA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, AS TRUSTEE FOR THE MLMI SERIES 2005-FF6 and DOES 1 through 50, inclusive,<br>　　　　　Defendants. | Case No. 12-cv-04224 NC<br><br>**AMENDED ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. Nos. 7, 8, 10, 11 |

　　　Defendant Wells Fargo Bank moves to strike Pedro and Dominga Brambila's complaint, arguing that (1) the majority of claims asserted in the complaint parallel those already dismissed with prejudice in a prior action in California state court and are barred by res judicata, and (2) the only additional claim is barred by California's final judgment rule. Wells Fargo's motion to strike is unopposed by the Brambilas. The Court finds the motion is appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

　　　Because the Brambilas' claims 1, 2, and 4-10 are barred by res judicata, and because the Court declines to exercise supplemental jurisdiction over claim 3, Wells Fargo's motion to strike is GRANTED.

//

## I. BACKGROUND

### A. The State Court Action

Plaintiffs Pedro and Dominga Brambila are pro se plaintiffs that reside at 2080 Roper Circle, Brentwood, California 94513 (Subject Property). Compl. ¶ 1, Dkt. No. 1. Defendant Wells Fargo Bank, N.A., is the trustee of the MLMI Trust Series 2005-FF6, which holds the mortgage to the Subject Property. *Id.* ¶ 2.

On January 12, 2010, the Brambilas filed a complaint against Wells Fargo in Contra Costa County Superior Court ("*Brambila I*"). Def.'s Req. Jud. Not. ("RJN"), Exh. 1 (state court complaint), Dkt. No. 11. There, the Brambilas asserted nine causes of action against Wells Fargo for: (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) violation of the Fair Debt Collection Practices Act; (4) predatory lending practices; (5) breach of contract, trust, and fiduciary duty; (6) RICO violations; (7) quiet title; (8) declaratory relief; and (9) injunctive relief. *See id.* On March 23, 2010, Wells Fargo filed a demurrer to the *Brambila I* complaint. Def.'s RJN, Exh. 2. Wells Fargo's demurrer was sustained with leave to amend on June 30, 2010. Def.'s RJN, Exh. 3.

On July 28, 2010, Wells Fargo moved ex parte for dismissal due to the Brambilas' failure to file an amended complaint within the time allowed by the state court. Def.'s RJN, Exh. 4. The state court granted Wells Fargo's ex parte application and dismissed the *Brambila I* complaint with prejudice. Def.'s RJN, Exh. 5. On September 23, 2010, the state court entered final judgment of dismissal in favor of Wells Fargo in *Brambila I*. Def.'s RJN, Exh. 6.

### B. Federal Proceedings

On August 10, 2012, the Brambilas filed the present complaint in federal court. Compl., Dkt. No. 1. The Brambilas' complaint asserts ten causes of action for: (1) fraudulent misrepresentation; (2) fraudulent inducement; (3) filing false recorded documents; (4) violation of the Fair Debt Collection Practices Act; (5) predatory lending practices; (6) breach of trust, contract, and fiduciary duty; (7) RICO violations; (8) quiet title; (9) declaratory relief; and (10) injunctive relief. *See* Compl. With the exception of

Case No. 12-cv-04224 NC
AMENDED ORDER GRANTING
MOTION TO DISMISS                    2

1 the Brambilas' claim for filing false recorded documents, these claims mirror those
2 asserted in the *Brambila I* complaint. *See* Compl.; *see also* Def.'s RJN, Exh. 1 (state
3 court complaint).

### 1. Wells Fargo's Motion to Strike

Wells Fargo now moves to strike the complaint filed in the present action. Def.'s Mot. Strike, Dkt. No. 10. Wells Fargo argues that claims 1, 2, and 4-10 are barred from re-litigation by the doctrine of res judicata because the state court issued a final judgment on these claims in *Brambila I*. *Id*. at 3. Wells Fargo argues that claim 3 also should be dismissed because it arises out of the same injury giving rise to the claims asserted in the *Brambila I* complaint, and thus is barred by California's final judgment rule. *Id*. Wells Fargo's motion to strike is unopposed.[1]

### 2. Wells Fargo's Motion to Dismiss

Wells Fargo filed a separate motion to dismiss the complaint in the present action. Def.'s Mot. Dismiss, Dkt. No. 7. Wells Fargo argues that all the claims should be dismissed for failure to state a single claim upon which relief can be granted. *Id.* at 1. Wells Fargo's motion to dismiss is also unopposed.

## C. Jurisdiction

This Court has subject matter jurisdiction over the Brambilas' federal claims under 15 U.S.C. § 1692k(d) and 18 U.S.C. § 1965(a), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 4, 15.

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead her claim with sufficient specificity to "give the defendant fair notice of what the claim is and

---

[1] On October 5, 2012, the Brambilas filed a request for entry of default judgment. Req. Default, Dkt. No. 16. The clerk of the court declined the Brambilas' request, as Wells Fargo's motion to dismiss constitutes a response to the complaint.

Case No. 12-cv-04224 NC
AMENDED ORDER GRANTING
MOTION TO DISMISS                 3

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. 555. If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

**B. Motion to Strike**

Rule 12(f) permits the Court to "[strike] from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotations and citations omitted). Immaterial matter is matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at 1527. "[Statements] that do not pertain, and are not necessary, to the issues in question" are impertinent. *Id.* at 1527. Allegations "that unnecessarily reflect [ ] on the moral character of an individual or state [ ] anything in repulsive language that detracts from the dignity of the court" are considered scandalous. *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2005). These "include allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

//

Case No. 12-cv-04224 NC
AMENDED ORDER GRANTING
MOTION TO DISMISS                4

### III. DISCUSSION

**A. Documents Considered by the Court**

Wells Fargo requests that the Court take judicial notice of the following documents in support of its motion to dismiss: (1) complaint filed in *Pedro Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111, filed on January 12, 2010; (2) copy of the docket in *Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111; (3) notice of ruling regarding Wells Fargo and First Franklin's demurrer to the complaint, filed in *Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111, filed on July 6, 2010; (4) ex parte application for dismissal as to Wells Fargo Bank and First Franklin, filed in *Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111, filed on July 28, 2010; (5) order on ex parte application for dismissal as to Wells Fargo Bank and First Franklin, filed in *Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111, filed on July 28, 2010; (6) judgment of dismissal as to Wells Fargo Bank and First Franklin, filed in *Brambila v. Wilshire Credit Corporation, et al.*, Contra Costa Superior Court, Case No. CIVMSC10-00111, filed on September 23, 2010. Def.'s RJN, Exhs. 1-6.

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008). Under Federal Rule of Civil Procedure 10(c), a court may take judicial notice of "documents whose contents are alleged in a complaint and whose

authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Here, the Court takes judicial notice of all exhibits identified above under Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 10(c). *See* Fed. R. Evid. 201; *see also* Fed. R. Civ. P. 10(c).

**B. Wells Fargo's Motion to Strike Will be Treated as a Motion to Dismiss**

### 1. The Court has Authority to Convert a Motion to Strike into a Motion to Dismiss

The appropriate medium for challenging the sufficiency of a complaint is through Rule 12(b)(6), not Rule 12(f). *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020-21 (N.D. Cal. 2009). "However, where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion." *Id*.

### 2. Res Judicata is Appropriately Raised Through a Motion to Dismiss

First, Wells Fargo argues that nine of the Brambilas' ten causes of action are barred by the doctrine of res judicata. Wells Fargo raises the affirmative defense of res judicata on a Rule 12(f) motion to strike. *See* Def.'s Mot. Strike. A Rule 12(b)(6) motion, however, is the appropriate vehicle to raise the affirmative defense of res judicata where there are no disputed issues of fact. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984). Because res judicata is appropriately raised on a motion to dismiss, the Court converts Wells Fargo's motion to strike into a motion to dismiss.

In considering a motion to dismiss, a court "may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Here, there are no disputed issues of fact. Wells Fargo's motion to strike is premised upon the fact that a final judgment has been rendered in the state court action. *See* Def.'s Mot. Strike. The state court judgment from *Brambila I* attached to Def.'s RJN as exhibit 6, is a matter of public record, and therefore this court may take judicial notice of its existence. Because there are no disputed issues of fact, this Court will treat Wells

Fargo's Rule 12(f) motion as though it was brought as a Rule 12(b)(6) motion.

**C. The Doctrine of Res Judicata Bars Re-litigation of Previously Dismissed Claims**

The Full Faith and Credit Act requires that federal courts give state court judgments the same full faith and credit in federal court. 28 U.S.C. § 1738. Thus, when a state court issues a final judgment in a case, § 1738 "requires that federal courts give the state-court judgment . . . the same preclusive effect it would have had in another court of the same State." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986). Furthermore, when addressing state court judgments, federal courts must "look to the law of the rendering State to ascertain the effect of the judgment." *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996).

In California, to properly assert the doctrine of res judicata, a party must show that:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

*People v. Barragan*, 32 Cal. 4th 236, 252-53 (2004). In the present case, nine of plaintiffs' claims are identical to those asserted in *Brambila I*. *See generally* Complaint; RJN Exh. 1. Additionally, both Pedro and Dominga Brambila were parties to *Brambila I*. *Id*. Thus, the first and third requirements of res judicata are satisfied.

The remaining factor is whether "the prior proceeding resulted in a final judgment on the merits." *Barragan*, 32 Cal. 4th at 253. In determining whether a final judgment on the merits occurred, the California Supreme Court has held that:

> "[a] judgment given after the sustaining of a general demurrer on a ground of substance. . . may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action."

*Goddard v. Security Title Insur. & Guarantee Co.*, 14 Cal.2d 47, 52 (1937). Furthermore, "[when] a plaintiff elects not to amend the complaint, it is presumed that the complaint states as strong a case as is possible; and the judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer."

*Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 457 (1985) (internal citations omitted).

In the present case, the Brambilas did not amend their complaint, and thus the defect on the merits remained. Def.'s RJN, Exh. 2. A final judgment for failure to amend the defective complaint in *Brambila I* was rendered on September 23, 2010. Def.'s RJN, Exh. 6. Under *Otworth* and *Goddard*, this dismissal constitutes a judgment on the merits and is final, satisfying the final element of res judicata.

As all three elements of res judicata are established, plaintiffs are estopped from re-litigating those claims in this Court. Accordingly, Wells Fargo's motion to dismiss the Brambilas' claims for fraudulent misrepresentation, fraudulent inducement, violation of the Fair Debt Collection Practices Act, predatory lending practices, breach of contract/trust/fiduciary duty, RICO violations, quiet title, declaratory relief, and injunctive relief is GRANTED. As there is no set of facts that could plausibly prove no final judgment exists in state court, the claims are DISMISSED with prejudice.

**D. Court Declines Jurisdiction over Remaining State Law Claim**

Second, Wells Fargo moves to dismiss the Brambilas' claim for filing false recorded documents on the grounds that it is barred by California's final judgment rule. Def.'s Mot. Strike at 3. Because the Brambilas' federal claims have been dismissed, however, this Court declines to exercise supplemental jurisdiction over the claim for filing false recorded documents. "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994).

While the court dismisses the previously litigated claims with prejudice, the issue remains whether the Brambilas' state law claim for filing false recorded documents is dismissed with or without prejudice. "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Id.* Accordingly, the dismissal of the

Brambilas' claim for filing false recorded documents is without prejudice.

In addition to the motion to strike, Wells Fargo filed a separate motion to dismiss the Brambilas' complaint for failure to state a claim. Dkt. No. 7. Because the Court dismisses the complaint under the doctrine of res judicata and jurisdictional grounds, the Court does not address the merits of Wells Fargo's separate motion to dismiss.

## IV. CONCLUSION

Because Plaintiffs' claims 1, 2, and 4-10 are barred by the doctrine of res judicata, Wells Fargo's motion to dismiss is GRANTED as to these claims, which are DISMISSED with prejudice. Because the Court declines to exercise supplemental jurisdiction over claim 3, that claim is DISMISSED without prejudice. The case management conference scheduled for November 14, 2012 is VACATED and the clerk of court is directed to terminate this case.

IT IS SO ORDERED.

Date: November 1, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge